UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK DAVIS,

        Petitioner,        Case No. 1:12-cv-652

v.        Honorable Paul L. Maloney

LLOYD RAPELJE,

        Respondent.
_____/

### ORDER TO STAY

        Petitioner filed the instant action on or around June 20, 2012, raising five grounds for relief.  On September 10, 2012, the Court ordered Respondent to answer the Petition.  Before the Court is Petitioner's motion for stay and abeyance (docket #24), in which he asserts that he filed a motion for relief from judgment in state court on October 10, 2012, raising seven additional grounds for relief.  He requests a stay of this action to exhaust those claims in state proceedings.

        First, the Court notes that Petitioner's additional claims are timely.  Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on July 25, 2011.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under

§ 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, October 24, 2011. Accordingly, absent further action by Petitioner, the one-year statute of limitations would have expired on October 24, 2012.

Petitioner's motion for relief from judgment in state court, which was filed on October 10, 2012, tolled the statute of limitations when there were approximately 14 days remaining the limitations period. The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Thus, the statute of limitations will continue to remain tolled for as long as the proceedings regarding his motion for relief from judgment remain pending in the state appellate courts.

Petitioner's newly-asserted claims are unexhausted; thus, adding them to this action would create a "mixed petition" presenting both exhausted and unexhausted claims. Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

In *Palmer*, the Court indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). In the instant case, Petitioner has less than thirty days remaining in the statute of limitations period. Thus, assuming that Petitioner appeals his motion for relief from judgment to both the Michigan Court of Appeals and the Michigan Supreme Court, he would not have the necessary 30 days to return to this court after the Michigan Supreme Court issues its decision.

In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). Furthermore, under *Rhines v. Weber*, 544 U.S. 269 (2005), a stay should be granted only if (1) there is "good cause" for Petitioner's failure to exhaust the unexhausted claims, (2) the unexhausted claims are not "plainly meritless," and (3) there is no indication that Petitioner has engaged in abusive or dilatory litigation tactics. *Id.* at 277-78.

The unexhausted claims are not plainly meritless and there is no indication that Petitioner has engaged in abusive or dilatory litigation tactics. Moreover, Respondent has not filed any objections to Petitioner's motion. Thus, the Court will grant Petitioner's motion to stay.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay (docket #24) is **GRANTED**. Petitioner's action is hereby stayed until Petitioner files a motion to amend his petition to include any subsequently-exhausted claims. Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

**IT IS FURTHER ORDERED** that Petitioner shall advise the Court of any change of address occurring during the pendency of the stay.

**IT IS FURTHER ORDERED** that this case shall be administratively closed until such time as Petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.

Dated:   May 3, 2013              /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge